FILED

APR 15 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

Case No. _____ CV 11 1840 JK



HRL

**STANDING ORDER REGARDING**
**CASE MANAGEMENT IN CIVIL CASES**

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte, Jeremy Fogel and Lucy H. Koh, and Magistrate Judges Patricia V. Trumbull and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only after contacting Judge Fogel's Administrative Law Clerk, Christian Delaney, at

United States District Court
For the Northern District of California

1 | has already been filed electronically.

2 | **IT IS SO ORDERED.**

3 | Dated: July 30, 2010

James Ware
United States District Judge

Ronald M. Whyte
United States District Judge

Jeremy Fogel
United States District Judge

Lucy H. Koh
United States District Judge

Patricia V. Trumbull
Unites States Magistrate Judge

Howard R. Lloyd
United States Magistrate Judge

SAN JOSE DIVISION
STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES

3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**GUIDELINES FOR FINAL PRETRIAL CONFERENCE IN JURY TRIALS BEFORE DISTRICT JUDGE LUCY H. KOH**

A. **Meeting and Disclosure Prior to Pretrial Conference**: At least 21 days[1] before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

1. Settlement of the Case;

2. Preparation of the Joint Pretrial Statement;

3. Preparation and exchange of pretrial materials to be served and lodged pursuant to Federal Rule of Civil Procedure 26(a)(3); and

4. Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy, and efficient determination of the case.

B. **Joint Pretrial Statement and Order**: At least 14 days before the Pretrial Conference, unless otherwise ordered, the parties shall lodge and serve a Joint Pretrial Statement and Proposed Order containing the following information:

1. Substance of the Action. A brief description of the parties, the substance of claims and defenses that remain to be decided, and the operative pleadings that raise the issues;

---

[1] Time shall be computed according to Federal Rule of Civil Procedure 6(a).

1

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

2. <u>Relief Sought</u>. A detailed statement of all relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of damages;

3. <u>Undisputed Facts</u>. A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits;

4. <u>Disputed Factual Issues</u>. A plain and concise list of the issues of fact that are contested and remain to be litigated at trial;

5. <u>Agreed Statement</u>. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts;

6. <u>Stipulations</u>. A statement of proposed stipulations or agreements that will expedite the presentation of evidence;

7. <u>Witnesses to be Called</u>. A list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. No party shall be permitted to call any witness in its case in chief who is not disclosed in its Joint Pretrial Statement without leave of the Court for good cause;

8. <u>Exhibits, Schedules, Summaries</u>. A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness;

9. <u>Disputed Legal Issues</u>. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions;

10. <u>Further Discovery or Motions</u>. A statement of all remaining discovery, if any, or any motions or matters that must be resolved prior to trial, including motions in limine;

2

11. Disputed Evidentiary Issues. A concise statement of each disputed evidentiary issue (even if a motion in limine will not be filed on that issue), citing supporting statutes and decisions or referring to the appropriate motion in limine;

12. Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired;

13. Estimate of Trial Time. An estimate of the total number of hours or days needed for the trial; and

14. Miscellaneous. Any other matters that will facilitate the just, speedy and efficient determination of the action.

C. **Binding Effect of the Joint Pretrial Statement and Order:** The Joint Pretrial Statement and Order described above shall recite, directly above the signature lines of each party, the following:

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.*

D. **Preparation for Trial**

   1. Exhibits:

      a) At least 14 days before the final Pretrial Conference, the parties shall exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal.

      b) Each exhibit shall be pre-marked for identification. Counsel shall meet and confer and reach agreement upon a method for marking exhibits (for example, Plaintiff shall use numbers and Defendant shall use letters, or Plaintiff shall use numbers 100-199 and Defendant shall use numbers 200-299, etc.).

      c) Unless otherwise ordered, at least 7 days prior to the commencement of trial, the parties shall deliver three sets of all pre-marked exhibits contained in three ring binders to Martha Parker Brown, Courtroom Deputy to Judge Koh.

d) No party shall be permitted to offer any exhibit at trial that is not disclosed in its Joint Pretrial Statement without leave of the Court for good cause, unless it is offered solely for impeachment or rebuttal.

2. Motions in Limine.  Unless otherwise ordered, the parties shall file and serve any motions in limine at least 14 days before the final Pretrial Conference, and any opposition thereto at least 10 days before the final Pretrial Conference.  Ordinarily, these motions will be deemed submitted without oral argument.  Each motion should be presented in a separate memo and numbered as, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ."  Please limit motions in limine to circumstances that actually require a ruling in advance of trial.  Usually five or fewer motions per side are sufficient at the Pretrial Conference stage (without prejudice to raising matters as the trial progresses).  Each motion should address a single topic, be separate, and contain no more than seven pages of briefing per side.

3. Deposition and Discovery Designations:  Unless otherwise ordered, at least 14 days before the commencement of trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal.  (A hard copy of the designated deposition testimony with page and line references, or the interrogatory response or admission shall be provided.)  Any objections to the use of designated excerpts and any counter-designations of deposition testimony shall be filed and served at least 10 days prior to the commencement of trial.

4. Jury Materials:

a) Unless otherwise ordered, at least 7 days prior to the final Pretrial Conference, the parties shall file and serve:

1) Jury Voir Dire Questions

2) Proposed Jury Instructions

3) Proposed Jury Verdict Forms

b) Ordinarily, the Court will give the standard preliminary jury instructions contained in the <u>Model Jury Instructions of the Ninth Circuit</u> prior to opening statements and will give the standard closing instructions in the <u>Model Jury Instructions of the Ninth Circuit</u> before closing arguments.

c) As to substantive case-specific instructions, the parties shall meet and confer and submit <u>jointly</u> an agreed set of instructions, using the <u>Model Jury Instructions of the Ninth Circuit</u> where appropriate. In the event the parties are unable to agree to the language of a particular instruction, the objecting party shall submit a written objection or an alternative proposed instruction placed in sequence immediately following the disputed instruction. The joint set of jury instructions shall be submitted in hard copy as well as word processing format via e-mail to LHKpo@cand.uscourts.gov.

5. <u>Trial Briefs</u>: Trial briefs are optional, but any party wishing to file a trial brief must do so not less than 7 days prior to the commencement of trial.

6. <u>Time Limits</u>: Ordinarily, the Court shall set fixed time limits at the final Pretrial Conference. All of your examination time (whether direct, cross, re-direct, or re-cross) for all witnesses must fit within your time limit and you may allocate the time as you wish. Opening and closing time limits are *in addition* to your examination time.

E. **Scheduling**

The normal trial schedule will be 9:00 a.m. to 4:30 p.m., with a lunch break from 12:00 p.m. to 1:30 p.m., on Monday, Tuesday, and Friday, and from 9:00 a.m. to 12:00 p.m. on Thursday.

F. **Settlement and Continuances**

Shortly before trial or a final Pretrial Conference, counsel occasionally wish to jointly advise the Court that a settlement has been reached and seek to take the matter off calendar based on a settlement "in principle" with disputes remaining. Cases, however, cannot be taken off calendar in this manner. Unless and until a stipulated dismissal is

5

1    filed or placed on the record, all parties must be prepared to proceed as scheduled. Only

2    an advance continuance *expressly approved by the Court* will release counsel and the

3    parties from their obligation to proceed. If counsel expect that a settlement will be final

4    by the time of the Pretrial Conference or trial, they should notify the Court immediately

5    in writing, or, if settlement occurs over the weekend, by voice mail to Martha Parker

6    Brown, Courtroom Deputy to Judge Koh. The Court will attempt to confer with

7    counsel promptly to determine whether a continuance is in order. Pending such a

8    conference, however, counsel must prepare and make all filings and be prepared to

9    proceed with the trial.

10   **G. Opportunities for Junior Lawyers**

11   The Court strongly encourages parties to permit less experienced lawyers to examine

12   witnesses at trial and to have an important role at trial. Counsel should be prepared to

13   discuss such opportunities at the Pretrial Conference.

14   **IT IS SO ORDERED.**

15

16   Dated: January 3, 2011                          *Lucy H. Koh*

17                                                   LUCY H. KOH
                                                     United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**GUIDELINES FOR FINAL PRETRIAL CONFERENCE IN BENCH TRIALS
BEFORE DISTRICT JUDGE LUCY H. KOH**

A. **Meeting and Disclosure Prior to Pretrial Conference**: At least 21 days[1] before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

1. Settlement of the Case;

2. Preparation of the Joint Pretrial Statement;

3. Preparation and exchange of pretrial materials to be served and lodged pursuant to Federal Rule of Civil Procedure 26(a)(3); and

4. Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy, and efficient determination of the case.

B. **Joint Pretrial Statement and Order**: At least 14 days before the Pretrial Conference, unless otherwise ordered, the parties shall lodge and serve a Joint Pretrial Statement and Proposed Order containing the following information:

1. <u>Substance of the Action</u>. A brief description of the parties, the substance of claims and defenses that remain to be decided, and the operative pleadings that raise the issues;

---

[1] Time shall be computed according to Federal Rule of Civil Procedure 6(a).

1

2. Relief Sought. A detailed statement of all relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of damages;

3. Undisputed Facts. A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits;

4. Disputed Factual Issues. A plain and concise list of the issues of fact that are contested and remain to be litigated at trial;

5. Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts;

6. Stipulations. A statement of proposed stipulations or agreements that will expedite the presentation of evidence;

7. Witnesses to be Called. A list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. No party shall be permitted to call any witness in its case in chief who is not disclosed in its Joint Pretrial Statement without leave of the Court for good cause;

8. Exhibits, Schedules, Summaries. A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness;

9. Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions;

10. Further Discovery or Motions. A statement of all remaining discovery, if any, or any motions or matters that must be resolved prior to trial, including motions in limine;

United States District Court
For the Northern District of California

2

11. <u>Disputed Evidentiary Issues.</u>  A concise statement of each disputed evidentiary issue (even if a motion in limine will not be filed on that issue), citing supporting statutes and decisions or referring to the appropriate motion in limine;

12. <u>Bifurcation, Separate Trial of Issues.</u>  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired;

13. <u>Estimate of Trial Time.</u>  An estimate of the total number of hours or days needed for the trial; and

14. <u>Miscellaneous.</u>  Any other matters that will facilitate the just, speedy and efficient determination of the action.

C. **Binding Effect of the Joint Pretrial Statement and Order:**  The Joint Pretrial Statement and Order described above shall recite, directly above the signature lines of each party, the following:

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.*

D. **Preparation for Trial**

1. Exhibits:

   a) At least 14 days before the final Pretrial Conference, the parties shall exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely impeachment or rebuttal.

   b) Each exhibit shall be pre-marked for identification.  Counsel shall meet and confer and reach agreement upon a method for marking exhibits (for example, Plaintiff shall use numbers and Defendant shall use letters, or Plaintiff shall use numbers 100-199 and Defendant shall use numbers 200-299, etc.).

   c) Unless otherwise ordered, at least 7 days prior to the commencement of trial, the parties shall deliver three sets of all pre-marked exhibits contained in three ring binders to Martha Parker Brown, Courtroom Deputy to Judge Koh.

United States District Court
For the Northern District of California

3

d) No party shall be permitted to offer any exhibit at trial that is not disclosed in its Joint Pretrial Statement without leave of the Court for good cause, unless it is offered solely for impeachment or rebuttal.

2. <u>Motions in Limine</u>.  Unless otherwise ordered, the parties shall file and serve any motions in limine at least 14 days before the final Pretrial Conference, and any opposition thereto at least 10 days before the final Pretrial Conference.  Ordinarily, these motions will be deemed submitted without oral argument.  Each motion should be presented in a separate memo and numbered as, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ."  Please limit motions in limine to circumstances that actually require a ruling in advance of trial.  Usually five or fewer motions per side are sufficient at the Pretrial Conference stage (without prejudice to raising matters as the trial progresses).  Each motion should address a single topic, be separate, and contain no more than seven pages of briefing per side.

3. <u>Deposition and Discovery Designations</u>:  Unless otherwise ordered, at least 14 days before the commencement of trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal.  (A hard copy of the designated deposition testimony with page and line references, or the interrogatory response or admission shall be provided.)  Any objections to the use of designated excerpts and any counter-designations of deposition testimony shall be filed and served at least 10 days prior to the commencement of trial.

4. <u>Proposed Findings of Fact and Conclusions of Law.</u>  At least 7 days prior to the Pretrial Conference, each party shall file and serve proposed findings of fact and conclusions of law.  The findings of fact shall set forth in simple declarative sentences, separately numbered, all factual contentions relied upon by the party in support of its claims or defenses and shall be free of pejorative language and argument.  Conclusions of law shall be supported by appropriate citation to legal authority.  The proposed findings of fact and conclusions of law shall be submitted

United States District Court
For the Northern District of California

4

1   in hard copy as well as in word processing format via e-mail to

2   LHKpo@cand.uscourts.gov.

3   5.  Trial Briefs:  Trial briefs are optional, but any party wishing to file a trial brief must

4   do so not less than 7 days prior to the commencement of trial.

5   6.  Time Limits:  Ordinarily, the Court shall set fixed time limits at the final Pretrial

6   Conference.  All of your examination time (whether direct, cross, re-direct, or re-

7   cross) for all witnesses must fit within your time limit and you may allocate the time

8   as you wish.  Opening and closing time limits are *in addition* to your examination

9   time.

10  **E.  Scheduling**

11  The normal trial schedule will be 9:00 a.m. to 4:30 p.m., with a lunch break from 12:00

12  p.m. to 1:30 p.m., on Monday, Tuesday, and Friday, and from 9:00 a.m. to 12:00 p.m.

13  on Thursday.

14  **F.  Settlement and Continuances**

15  Shortly before trial or a final Pretrial Conference, counsel occasionally wish to jointly

16  advise the Court that a settlement has been reached and seek to take the matter off

17  calendar based on a settlement "in principle" with disputes remaining.  Cases, however,

18  cannot be taken off calendar in this manner.  Unless and until a stipulated dismissal is

19  filed or placed on the record, all parties must be prepared to proceed as scheduled.  Only

20  an advance continuance *expressly approved by the Court* will release counsel and the

21  parties from their obligation to proceed.  If counsel expect that a settlement will be final

22  by the time of Pretrial Conference or trial, they should notify the Court immediately in

23  writing, or, if settlement occurs over the weekend, by voice mail to Martha Parker

24  Brown, Courtroom Deputy to Judge Koh.  The Court will attempt to confer with

25  counsel promptly to determine whether a continuance is in order.  Pending such a

26  conference, however, counsel must prepare and make all filings and be prepared to

27  proceed with the trial.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### G. Opportunities for Junior Lawyers

The Court strongly encourages parties to permit less experienced lawyers to examine witnesses at trial and to have an important role at trial. Counsel should be prepared to discuss such opportunities at the Pretrial Conference.

**IT IS SO ORDERED.**

Dated: January 3, 2011

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.