UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>HANNAH JAIR Revenue Agent,<br><br>    Petitioners,<br><br>    v.<br><br>NASSER H. MAHALLATI, and ZIBA M. BALSINI,<br><br>    Respondents. | CASE NO. 11-cv-1840-JF<br><br>[proposed] ORDER |

This matter is before the court on an order to show cause why respondents Nasser H. Mahallati and Ziba M. Balsini should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. The order to show cause was issued by the court on April 29, 2011, and required Respondents to file and serve a response by May 20, 2011. As of the date of this order, Respondents did not file any papers in response to the order to show cause. Having considered the moving papers and all other evidence of record, this court finds that the petition shall be GRANTED.

## I. BACKGROUND

According to the petition, the IRS is conducting an investigation to ascertain Respondents' tax liabilities. (Pet. ¶ 3). Petitioners believe that Respondents have possession and control of records, documents and other information concerning the IRS's inquiry, as to which

*ORDER*
*Case No. 11-1840-JF*

the IRS has no access, possession or control. (Id. ¶ 6). Petitioners believe that these documents, records, and other information are relevant and can reasonably be expected to assist in the determination and collection of the above-mentioned federal tax liabilities of the Respondents. As part of its investigation, Petitioners served a summons on Respondents, and the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1] On February 24, 2011, Petitioner Jair served summonses on Respondents by leaving copies of the summonses at the last and usual place of abode of the Respondents. (See id. ¶ 7 and Ex. A). Respondents did not appear on March 14, 2011, as requested. (Pet. ¶ 9). By letter dated March 18, 2011, Petitioner Jair provided Respondent Mahallati with another opportunity to comply by appearing for an appointment on March 30, 2011. (See id. ¶ 10 and Ex. B). Respondent Mahallati did not appear before Petitioner Jair on March 30, 2011. (See id. ¶ 11).

On April 15, 2011, Petitioners filed the instant verified petition to enforce the summons. On April 29, 2011, this court issued an order to show cause setting a hearing for June 10, 2011.

## II.  DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or. . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)); United States v. Reed, 105 A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009). To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. United States v. Powell,

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." Id.

*ORDER*
*Case No. 11-1840-JF*                            2

379 U.S. 48 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS.  Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)). "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980).  Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. Id. at 668.

In the instant case, petitioners have met their initial burden of showing that the Powell elements have been satisfied, largely through the verification of the petition by Revenue Agent

*ORDER*
*Case No. 11-1840-JF*                              3

1   Jair.  See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the
2   Powell requirements and that the government therefore "established a prima facie case to enforce
3   the summonses"); Dynavac, Inc., 6 F.3d at1414 (stating that the government's burden "may be
4   satisfied by a declaration from the investigating agent that the Powell requirements have been
5   met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually
6   makes the requisite *prima facie* showing by affidavit of the agent."); United States v. Panzo, 105
7   A.F.T.R.2d 2010-1648 (N.D. Cal. 2010) (same).

8       Here, the verified petition indicates that the IRS's investigation is being conducted for a
9   legitimate purpose of ascertaining respondents' tax liabilities for certain periods of time. (See
10  Pet. ¶¶ 3-4).  The summons is relevant to that purpose.  The summonses ask the Respondents to
11  appear and bring with them records, documents, and other information that may shed light on
12  Respondents' tax liabilities for those periods.  (See id. Ex. A).  The petition further indicates that
13  the information requested is not already in the IRS's possession, that there has been no referral
14  for criminal prosecution of this matter, and that all administrative steps required by the Internal
15  Revenue Code for the issuance of the summons have been taken. (See Pet. ¶¶ 6, 11, 12 and Exs.
16  A and B).

17      Respondents have not met their burden of showing an abuse of process or lack of good
18  faith on the part of the IRS, and this court GRANTS the verified petition to enforce the IRS
19  summons.

20      Respondents are ORDERED to provide the records and testimony requested in the
21  attached IRS summons by July 22, 2011;

22      Failure to comply with the instant order may be grounds for a finding of contempt. *See*,
23  *e.g.*, *United States v. Ayres*, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of contempt,
24  where party failed to comply with court order directing him to provide testimony and produce
25  records to IRS).

26      Within five court days of the date of this order, Petitioners are hereby DIRECTED to
27  serve a copy of the instant order on Respondents, see Fed. R. Civ. P. 5(b), and to file proof of
28  service with the Clerk of the Court.

*ORDER*
*Case No. 11-1840-JF*               4

1 |      IT IS SO ORDERED.

2 | Dated: June 10, 2011

                                    JEREMY FOGEL
                                    U.S. DISTRICT JUDGE

*ORDER*
*Case No. 11-1840-JF*       5